IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,869

In the Matter of BRUCE W. BEYE,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed June 17, 2022. Published censure.

*W. Thomas Stratton Jr.*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with him on the formal complaint for the petitioner.

*Bruce W. Beye*, respondent, argued the cause pro se.

PER CURIAM:  This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against the respondent Bruce W. Beye, of Overland Park, an attorney admitted to practice law in Kansas on September 24, 1982.

On September 2, 2021, the Disciplinary Administrator's office filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an answer to the formal complaint on September 22, 2021. A panel of the Kansas Board for Discipline of Attorneys held a hearing on November 2, 2021. The respondent appeared pro se.

At the conclusion of the hearing, the panel determined that the respondent violated KRPC 1.3 (2022 Kan. S. Ct. R. at 331) (diligence), KRPC 1.4 (2022 Kan. S. Ct. R. at 332) (communication), and KRPC 1.15(a) and (b) (2022 Kan. S. Ct. R. at 372) (safekeeping property). The panel set forth its findings of fact and conclusions of law,

1

along with its recommendation on disposition, in a final hearing report, the relevant portions of which are set forth below. The respondent took no exceptions to the hearing panel's report.

"*Findings of Fact*

. . . .

"11.     In December 2017, Colorado company Total Performance Construction Services, LLC (hereinafter 'TPCS') hired the respondent to file a lawsuit on behalf of TPCS in Johnson County District Court against J&J Corporation (hereinafter 'J&J') for workmanship and contract-related claims.

"12.     TPCS paid the respondent $5,000.00 from which the respondent was to charge his hourly rate of $250.00 and expenses of the case as work on the case was performed. The respondent deposited these funds into his operating account.

"13.     On January 9, 2018, before the respondent was able to file the lawsuit, J&J filed a lawsuit against TPCS in Johnson County District Court case number 18-LA-219.

"14.     On March 2, 2018, J&J's lawsuit in 18-LA-219 was dismissed without prejudice.

"15.     On July 31, 2018, the respondent filed a lawsuit against J&J on behalf of TPCS in Johnson County District Court case number 18-LA-7042. On December 19, 2018, J&J filed an answer and counterclaim against TPCS in 18-LA-7042.

"16.     In January 2019, TPCS paid an additional $5,000.00 to the respondent. The respondent deposited these funds into his operating account, as he had done with the prior $5,000.00 payment by TPCS.

"17.     On January 7, 2019, the respondent filed an answer to J&J's counterclaim on behalf of TPCS.

"18.     The respondent did no further work on the case in 2019. The respondent also did not further communicate with TPCS regarding the case in 2019.

"19.     Colorado lawyer T.R. Rice, who represented TPCS, sent a letter dated July 8, 2019, to the respondent requesting copies of pleadings filed in Johnson County District Court case number 18-LA-7042, a status report on the case, copies of all bills and an accounting for TPCS's payments to the respondent, and a fee agreement or fee confirmation letter with TPCS. Mr. Rice also asked for the respondent's assessment of the case, including whether any judgment against J&J would be collectable.

"20.     Mr. Rice's July 8, 2019, letter requested a response from the respondent by August 1, 2019.

"21.     Mr. Rice did not receive a response to his July 8, 2019, letter from the respondent.

"22.     The respondent acknowledges that he set aside communications he received from TPCS in 2019 to respond to at a later time and then he never got around to responding.

"23.     Mr. Rice forwarded a complaint to the disciplinary administrator's office via a letter dated November 8, 2019.

"24.     In early 2020, the claims of both TPCS and J&J in Johnson County District Court case number 18-LA-7042 were mutually dismissed.

"25.    The respondent agreed to refund TPCS the full $10,000.00 TPCS had paid to him. The respondent completed the refund of this money to TPCS by December 20, 2020.

"26.    TPCS incurred attorney fees in the amount of $4,000.00 through Mr. Rice's efforts to receive case updates and a refund from the respondent.

"*Conclusions of Law*

"27.    Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.3 (diligence), KRPC 1.4 (communication), and KRPC 1.15(a) and (b) (safekeeping property) as detailed below.

"KRPC 1.3

"28.    Attorneys must 'act with reasonable diligence and promptness in representing' their clients. *See* KRPC 1.3.

"29.    The respondent failed to diligently and promptly represent TPCS. Specifically, the respondent failed to take any action in Johnson County District Court case number 18-LA-7042 or communicate with TPCS about the case from January 2019 until Mr. Rice filed a complaint with the disciplinary administrator's office in November 2019.

"30.    Further, the respondent failed to respond to his client's specific requests for information about the case and an accounting of his time charged against the $10,000.00 retainer paid by TPCS[.]

"31.    Because the respondent failed to act with reasonable diligence and promptness in representing his client, the hearing panel concludes that the respondent violated KRPC 1.3.

4

"32.     KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' *Id.*

"33.     In this case, the respondent violated KRPC 1.4(a) when he failed to communicate with TPCS about the status of the case for nearly one full year, despite specific requests for information from TPCS. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.4(a).

"KRPC 1.15(a)

"34.     Lawyers must properly safeguard their clients' property. KRPC 1.15(a) specifically provides that:

> 'A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state of Kansas. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.'

"35.     Until the funds were earned, they remained the property of TPCS. In this case, the respondent failed to properly safeguard TPCS's property. Specifically, the respondent failed to deposit the two unearned $5,000.00 payments by TPCS into an attorney trust account. Rather, the respondent deposited TPCS's unearned fees into his operating account where he kept his own funds as well.

"36.     Accordingly, the hearing panel concludes that the respondent failed to properly safeguard TPCS's property, in violation of KRPC 1.15(a).

5

"KRPC 1.15(b)

"37.     Lawyers must deal properly with the property of their clients. Specifically, KRPC 1.15(b) provides:

> 'Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.'

"38.     The respondent violated KRPC 1.15(b) when he failed to provide TPCS with an accounting of the $10,000.00 TPCS paid to the respondent when TPCS requested such through Mr. Rice. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.15(b).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"39.     In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"40.     *Duty Violated*. The respondent violated his duty to his client.

"41.     *Mental State*. The respondent negligently violated his duties.

6

"42.     *Injury*. As a result of the respondents misconduct, the respondent caused potential harm and actual harm to his client. Ultimately, the respondent, Mr. Rice, and TPCS concluded that a judgment could not be collected from J&J if obtained. Further, the respondent refunded the entire $10,000.00 fee paid to him by TPCS. Potential harm to TPCS could have occurred here but did not occur. The respondent caused actual harm to TPCS in the amount of $4,000.00[.] TPCS was required to pay Mr. Rice to receive information about its case and a refund from the respondent.

"*Aggravating and Mitigating Factors*

"43.     Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"44.     *Prior Disciplinary Offenses*. The respondent has been previously disciplined on one occasion. In July 2017 the respondent entered into a diversion agreement with the disciplinary administrator's office. The respondent successfully completed the diversion and the matter was dismissed on August 3, 2018.

"45.     *Multiple Offenses*. The respondent committed multiple rule violations. The respondent violated KRPC 1.3 (diligence), KRPC 1.4 (communication), and KRPC 1.15(a) and (b) (safekeeping property). Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

"46.     *Substantial Experience in the Practice of Law*. The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1982. At the time of the misconduct, the respondent has been practicing law for more than 36 years.

"47.     Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its

7

recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"48.     *The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions*. The respondent fully cooperated with the disciplinary process. Additionally, the respondent admitted the facts that gave rise to the violations and admitted to violating KRPC 1.3, 1.4, and 1.15. Further, the respondent has refunded TPCS the full $10,000.00 that TPCS paid him.

"49.     *Timely Good Faith Effort to Make Restitution or to Rectify Consequences of Misconduct*. As indicated above, the respondent refunded TPCS the full $10,000.00 that TPCS paid him, despite the respondent having done some work on the case. There was delay in the respondent's fully refunding TPCS, because the respondent had billed for his time against some of the fee paid by TPCS. Despite this delay, the hearing panel concludes this is a mitigating factor.

"50.     *Remorse*. At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

"51.     *Remoteness of Prior Offenses.* The misconduct which gave rise to the respondent's 2017 diversion is remote in character but not in time to the misconduct in this case.

"52.     In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

> '4.13    Reprimand is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client.'

8

'4.43    Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.'

"*Recommendations of the Parties*

"53.    The disciplinary administrator recommended that the respondent be censured and that the censure be published.

"54.    The respondent recommended that he be censured and that the censure be published.

"*Recommendation of the Hearing Panel*

"55.    Accordingly, based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be censured. The hearing panel further recommends that the censure be published in the Kansas Reports.

"56.    Finally, the hearing panel recommends that the respondent be required to pay TPCS $4,000.00, which represents the amount Mr. Rice charged TPCS for attorney fees to obtain information about TPCS's case and a refund from the respondent.

"57.    Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the panel's findings, and the parties' arguments to determine whether KRPC violations exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and

convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 226(a)(1)(A) (2022 Kan. S. Ct. R. at 281). "'Clear and convincing evidence is "evidence that causes the factfinder to believe that 'the truth of the facts asserted is highly probable.'"'" *In re Murphy*, 312 Kan. 203, 218, 473 P.3d 886 (2020).

The respondent was given adequate notice of the formal complaint, to which he filed an answer. The respondent filed no exceptions to the final hearing report. As such, the panel's factual findings are deemed admitted. Supreme Court Rule 228(g)(1), (2) (2022 Kan. S. Ct. R. at 287). The evidence before the hearing panel clearly established the charged misconduct violated KRPC 1.3 (diligence), KRPC 1.4 (communication), and KRPC 1.15(a) and (b) (safekeeping property).

The only remaining issue is to determine the appropriate discipline for the respondent's violations. The hearing panel unanimously recommended published censure. The Disciplinary Administrator's office agrees with the panel's recommendation. The respondent also recommended that he be disciplined by published censure.

After carefully considering the evidence presented, as well as the ABA Standards for Imposing Lawyer Sanctions, we adopt the panel's findings and conclusions and hold that the respondent should be disciplined by published censure.

We note the hearing panel also recommended the respondent be required to pay Total Performance Construction Services LLC (TPCS) $4,000, which represents the amount T.R. Rice charged TPCS for attorney fees to obtain information about TPCS's case and a refund from the respondent. We decline to assess the $4,000 payment for attorney fees but note that a minority of the court would have done so.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Bruce W. Beye be and he is hereby disciplined by published censure in accordance with Supreme Court Rule 225(a)(5) (2022 Kan. S. Ct. R. at 281) for violations of KRPC 1.3, 1.4, and 1.15(a) and (b).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.

BILES, J., not participating.